UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPREME HINES,<br><br>                       Plaintiff,<br><br>    -against-<br><br>JEFFREY SMITH,<br><br>                    Defendants. | COMPLAINT<br><br>CASE NO.: 21-6314 |

Plaintiff SUPREME HINES a/k/a CHANEL HINES[1] ("Plaintiff" or "Chanel Hines"), by her attorneys, Roth & Roth, LLP and Easton Thompson Kasperek Shiffrin LLP complaining of the Defendant, respectfully alleges as follows:

### I.    PRELIMINARY STATEMENT

1. Plaintiff Chanel Hines brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights.

2. Chanel Hines is a young Black transgender woman who was shot five times by her parole officer, Defendant Jeffrey SMITH, on November 3, 2020, without cause or legal justification.

3. As a result of SMITH intentionally shooting her five times, Chanel Hines sustained grievous injuries, has had to undergo numerous surgeries, will have to undergo additional surgeries, is completely blind in her left eye, and

---

[1] Claimant is a transgender woman who has undergone breast augmentation surgery and identifies as female.

sustained severe mental injuries, emotional distress, embarrassment, humiliation, lost income, loss of liberty, and deprivation of her common law and constitutional rights.

## II.     Venue and Jurisdiction

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

5. Venue is proper for because the events occurred in this district.

## III. JURY DEMAND

6. The Plaintiff respectfully demands a trial by jury of all issues in this matter.

## VI. PARTIES

7. Plaintiff, SUPREME HINES a/k/a CHANEL HINES, is a citizen of the United States and a resident of the County of Ontario, State of New York.

8. Defendant JEFFREY SMITH is a New York State Department of Corrections and Community Supervision ("DOCCS") employee. While carrying out the acts and omissions alleged herein, Defendant SMITH was acting in the scope of his capacity as an agent, servant, and/or employee of DOCCS, acted under color of state law, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant SMITH is sued in his individual capacity.

9. At all times relevant herein, Defendant SMITH violated clearly established rights and standards under the Fourth to the United States Constitution and the common law and Constitution of the State of New York, of which a reasonable officer in his circumstances would have known.

## V.  STATEMENT OF FACTS

10. This case arises from an incident that occurred on November 3, 2020, at approximately 8:15 a.m., at the Woodridge Motel at 4459 Lakeshore Dr, Canandaigua, NY 14424 ("the Motel").

11. At the aforesaid time and place, Plaintiff was shot five times by SMITH, without cause or legal justification.

12. On the morning of November 3, 2020, Plaintiff resided at the Woodridge Motel at 4459 Lakeshore Dr, Canandaigua, NY 14424, pursuant to the conditions of her parole.

13. Upon information and belief, on November 3, 2020, the DOCCS rented numerous rooms at the Woodridge Motel at 4459 Lakeshore Dr, Canandaigua, NY 14424 to house and supervise parolees, including Plaintiff.

14. On the morning of November 3, 2020, SMITH went to the Woodridge Motel at 4459 Lakeshore Dr, Canandaigua, NY 14424, to arrest Plaintiff for a parole violation.

15. When SMITH went to the Motel, he brought Ontario County Sheriff's Deputy Seth Jones to support and assist him in arresting and transporting Plaintiff.

16. Because Plaintiff was being arrested for a parole violation, SMITH had the primary responsibility for taking custody of Plaintiff.

17. On November 3, 2020, at approximately 8:00 a.m., SMITH and Jones arrived at the Motel and knocked on Plaintiff's door.

18. Plaintiff answered the door and permitted SMITH and Jones to enter her room.

19. SMITH informed Plaintiff that she had violated her parole and that she was under arrest.

20. Upon information and belief, DOCCS rules and regulations require parole officers to immediately handcuff and secure parolees when executing arrests for violations of parole.

21. Nevertheless, SMITH did not immediately handcuff and secure Plaintiff after he informed her that she was under arrest.

22. SMITH was negligent and/or reckless in failing to immediately handcuff and secure Claimant.

23. Plaintiff asked SMITH if she could retrieve items from her car, which was parked directly in front of her room at the Motel, that she needed because of her recent breast augmentation surgery.

24. SMITH searched Plaintiff's car and confirmed it did not contain any weapons or other dangerous items.

25. SMITH then escorted Plaintiff to her car and permitted her to retrieve several items from the car and bring them back into her room.

26. Then, instead of retrieving the items himself or escorting Plaintiff, SMITH permitted Chanel to go back to her car by herself with her car keys.

27. Upon information and belief, it was a violation of DOCCS rules and regulations to permit Plaintiff to return to her car, unhandcuffed and unsupervised, with her car keys.

28. SMITH was negligent and/or reckless in permitting Plaintiff to return to her car, unhandcuffed and unsupervised, with her car keys

29. Plaintiff entered her car, put the keys in the ignition, and proceeded to make a slow "k-turn".

30. As Plaintiff was making a slow k-turn, SMITH ran out of the hotel room and immediately jumped on the hood of her car.

31. SMITH then immediately fired seven gunshots through the windshield of the vehicle, striking Plaintiff five times.

32. As a result of being shot five times, Plaintiff was incapacitated in her ability to operate the vehicle.

33. As a result of SMITH shooting through the windshield, shards of glass penetrated Plaintiff's left eye, blinding her and leaving her incapacitated in her ability to operate the vehicle.

34. Upon information and belief, DOCCS rules and regulations prohibit an officer from placing his body in front of an oncoming vehicle.

35. Upon information and belief, DOCCS rules and regulations require an officer threatened by an oncoming vehicle to move out of its path.

36. Upon information and belief, DOCCS rules and regulations prohibit firing gunshots into a moving vehicle.

37. SMITH's conduct violated DOCCS rules, regulations, policies, and practices.

38. Good and accepted police practices require that an officer threatened by an oncoming vehicle to move out of its path.

39. Good and accepted police practices require that an officer threatened by an oncoming vehicle to refrain from discharging a firearm at the vehicle or any of its occupants.

40. Jumping on the hood of a moving vehicle no matter how slowly it is moving is a violation of good and accepted police practices.

41. SMITH's conduct violated good and accepted police practices.

42. At no point in time did Plaintiff's vehicle pose an imminent threat of harm to SMITH or any other person.

43. At no time prior to SMITH shooting Plaintiff did Plaintiff's vehicle pose an imminent threat of harm to SMITH or any other person.

44. No reasonable officer in SMITH's position would have believed that Plaintiff's vehicle constituted a threat that justified the use of deadly force.

45. SMITH shot Plaintiff without cause or legal justification.

46. SMITH lacked cause or legal justification to fire any of the seven shots.

47. Even if SMITH was justified in firing one shot, which he was not, SMITH lacked cause or legal justification for firing shots two through seven.

48. SMITH used deadly force against Plaintiff without cause or legal justification.

49. SMITH shot Plaintiff in the course of effectuating the arrest of Plaintiff.

50. SMITH shot Plaintiff in the course of his employment with the State of New York.

51. SMITH was negligent and/or reckless by diving onto the hood of Plaintiff's moving vehicle.

52. Plaintiff did not have the time or opportunity to stop her vehicle before SMITH jumped on the hood of her car.

53. Plaintiff did not have the time or opportunity to stop her vehicle before SMITH began firing his gun at her through the windshield.

54. SMITH shot Plaintiff as a result of SMITH violating good and accepted law enforcement policies and practices.

55. SMITH is an employee of the State of New York and was acting within the scope of his employment at all relevant times herein.

56. The State of New York is responsible for SMITH's conduct under *respondeat superior*.

57. Because of the foregoing, Plaintiff sustained, *inter alia*, physical pain, five gunshot wounds, blindness in her left eye, permanent physical injuries, mental injuries, emotional distress, embarrassment, humiliation, lost income, loss of liberty, and deprivation of her common law and constitutional rights.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### EXCESSIVE FORCE
### UNDER 42 U.S.C. § 1983

58. Plaintiff re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

59. Claims that police officers used excessive force in an arrest are analyzed under the Fourth Amendment objective reasonableness standard.

60. To state a claim for excessive force, a Plaintiff must show a seizure occurred and it was unreasonable.

61. The test of Fourth Amendment reasonableness of force used during a seizure is whether, under the totality of the circumstances, an officer's actions are objectively reasonable in light of facts and circumstances confronting him, without regard to his underlying intent or motivations.

62. Each bullet fired by a police officer at a person is a separate use of deadly force that must be independently justified under federal law.

63. Defendant SMITH acted unreasonably and put himself in harm's way by jumping on top of Plaintiff's slowly moving car, and then shooting at Plaintiff seven times through the car's windshield.

64. Plaintiff was shot five times in the chest and arm.

65. Shards of glass from the windshield entered Plaintiff's left eye.

66. At no point during the incident did the circumstances necessitate or support the above applications of force utilized by Defendant SMITH against Plaintiff.

67. Plaintiff did not use deadly force against SMITH; therefore, the deadly force used against her was unlawful and excessive.

68. As a result, Plaintiff was damaged, harmed and injured, and seeks compensation in an amount to be determined at trial.

69. Defendant committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

70. By reason of the foregoing, the Defendant is liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF NEW YORK STATE CONSTITUTION

71. Plaintiff re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

72. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 11, and 12, and including the freedom from use of excessive force.

73. As a direct and proximate result of Defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, he suffered the injuries and damages set forth herein.

74. SMITH was at all times an agent, servant, and employee acting within the scope of his employment by the STATE, which is therefore responsible for his conduct.

75. The STATE, as the employer of SMITH, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

76. As a result of SMITH's assault and impermissible conduct, Plaintiff was injured and harmed. Accordingly, Plaintiff demands judgment against SMITH in a sum of money to be determined at trial, together with attorney's fees and costs.

**THIRD CLAIM FOR RELIEF**
**ASSAULT AND BATTERY**

77. Plaintiff re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

78. Defendant SMITH, without just cause, willfully and maliciously used physical force against Plaintiff causing her injuries.

79. Defendant SMITH committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights, and

80. Defendant committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights and is therefore liable for punitive damages.

81. SMITH was at all times an agent, servant, and employee acting within the scope of his employment by the STATE, which is therefore responsible for his conduct.

82. The STATE, as the employer of SMITH, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

83. As a result of SMITH's assault and impermissible conduct, Plaintiff was injured and harmed. Accordingly, Plaintiff demands judgment against SMITH in a sum of money to be determined at trial, together with attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

84. Plaintiff re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

85. SMITH engaged intentional outrageous conduct when he jumped onto the hood of Plaintiff's car and fired seven gunshots at her through the windshield.

86. As a result, Plaintiff suffered physical and emotional injuries, as well as other damages to be set forth and proved at trial.

87. SMITH was at all times an agent, servant, and employee acting within the scope of his employment by the STATE, which is therefore responsible for his conduct.

88. The STATE, as the employer of SMITH, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

89. As a result of SMITH's assault and impermissible conduct, Plaintiff was injured and harmed. Accordingly, Plaintiff demands judgment against SMITH in a sum of money to be determined at trial, together with attorney's fees and costs.

### FIFTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

90. Plaintiff re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

91.     SMITH engaged intentional and/or negligent outrageous conduct when he jumped onto the hood of Plaintiff's car and fired seven gunshots at her through the windshield.

92.     As a result, Plaintiff suffered physical and emotional injuries, as well as other damages to be set forth and proved at trial.

93.     SMITH was at all times an agent, servant, and employee acting within the scope of his employment by the STATE, which is therefore responsible for his conduct.

94.     The STATE, as the employer of SMITH, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

95.     As a result of SMITH's assault and impermissible conduct, Plaintiff was injured and harmed. Accordingly, Plaintiff demands judgment against SMITH in a sum of money to be determined at trial, together with attorney's fees and costs.

### SIXTH CLAIM FOR RELIEF
### NEGLIGENCE

96.     Plaintiff re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

97.     SMITH was negligent in handling the arrest of Plaintiff, in failing to secure her with handcuffs, and in permitting her to go to her car with the keys.

98.     SMITH was negligent when he jumped onto the hood of Plaintiff's car and fired seven gunshots at her through the windshield.

99.     SMITH was negligent in handling and using his gun, causing him to shoot Plaintiff five times.

100. As a result, Plaintiff suffered physical and emotional injuries, as well as other damages to be set forth and proved at trial.

101. SMITH was at all times an agent, servant, and employee acting within the scope of his employment by the STATE, which is therefore responsible for his conduct.

102. The STATE, as the employer of SMITH, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

103. As a result of SMITH's assault and impermissible conduct, Plaintiff was injured and harmed. Accordingly, Plaintiff demands judgment against SMITH in a sum of money to be determined at trial, together with attorney's fees and costs.

**WHEREFORE and in light of the foregoing**, Plaintiff respectfully requests that the Court assume jurisdiction and:

> [a] Award appropriate compensatory and punitive damages.
> [b] Empanel a jury.
> [c] Award attorney's fees and costs.
> [d] Award such other and further relief as the Court deems to be in the interest of justice.

Dated: New York, New York
April 13, 2021

Respectfully Submitted,

ROTH & ROTH, LLP
EASTON THOMPSON KASPEREK
SHIFFRIN LLP

By: ~//s//~
Elliot D. Shields
Roth & Roth, LLP
Counsel for Plaintiff
192 Lexington Avenue, Suite 802
New York, New York 10016
Tel: 212-425-1020

- 14 -

                    Donald M. Thompson
                    Easton Thompson Kasperek Shiffrin LLP
                    The Powers Building
                    16 West Main Street, Suite 243
                    Rochester, New York 14614
                    Tel.: 585-423-8290