**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SUPREME HINES,<br>　　　　　　　　　Plaintiff,<br>　　v.<br>JEFFREY SMITH,<br>　　　　　　　　　Defendants. | **Answer**<br><br>21-cv-6314<br><br>**Jury Trial Demanded** |

Defendant Jeffrey Smith answers Plaintiff's Amended Complaint:

1.　States paragraph 1 contains Plaintiff's description of the case to which no response is required, but to the extent a response is required denies the same.

2.　Admits paragraphs 7, 10, 12, 14, 15, 16, 17, 18, 19, 21, 24, 50, and 55.

3.　Upon information and belief, admits paragraphs 6, 32, 33, 64, and 65.

4.　Denies paragraphs 2, 9, 11, 13, 22, 23, 25, 26, 28, 29, 30, 31, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 56, 57, 63, 66, 67, 68, 69, 70, 72, 73, 75, 76, 78, 79, 80, 82, 83, 85, 86, 89, 91, 92, 95, 97, 98, 99, 100, and 103.

5.　Denies knowledge or information as to truth of the allegations contained in paragraph 3 and therefore Denies the same.

6.　States paragraphs 4, 5, 8, 59, 60, 61, 62, 74, 81, 87, 88, 93, 94, 101, and 102 contain legal conclusions to which no response is required, but to the extent a response is required Denies the same.

7.　States paragraphs 20, 27, 34, 35, and 36 refer to DOCCS' rules and regulations and respectfully refers the Court to those rules and regulations for the content thereof and otherwise denies the allegations in said paragraphs.

8.　States paragraphs 58, 71, 77, 84, 90, and 96 refer to other paragraphs in the Complaint

and answer said paragraphs as the referred to paragraphs were answered.

9. Denies every allegation not otherwise specifically addressed.

## 1st Defense

10. To the extent the Complaint can be read to sue any of the Defendants in their official capacities, Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment to the United States Constitution.

## 2nd Defense

11. The doctrine of <u>respondeat superior</u> does not apply in actions brought under 42 U.S.C. §1983.

## 3rd Defense

12. Defendant acted without malice and under the reasonable belief that his actions were proper and in accordance with existing law and did not violate Plaintiff's rights.

13. Consequently, Defendant is entitled to qualified immunity.

## 4th Defense

14. In light of parallel proceedings, Plaintiff's claims may ultimately be barred, in whole or in part, by the doctrines of collateral estoppel, abstention, and/or res judicata.

## 5th Defense

15. Plaintiff's state law causes of action are barred by New York Corrections Law §24.

**WHEREFORE**, Defendant prays that judgment be entered dismissing the complaint in all respects and that Defendant be awarded reasonable costs and attorney fees and for such further relief as is proper and equitable.

May 17, 2021  **Letitia James**
Attorney General for the States of New York
*Attorney for Defendant*

s/ *Matthew D. Brown*
Matthew D. Brown
Assistant Attorney General
NYS Office of the Attorney General
144 Exchange Boulevard
Suite 200
Rochester, New York 14614
(585) 327-3257
matthew.brown@ag.ny.gov